### In re Randall S. GREGORY and Renee A. Gregory, Debtors.

### Bankruptcy No. 98–42576.

United States Bankruptcy Court, N.D. Ohio.

Jan. 29, 1999.

---

Alfred E. Dahling, Geneva, OH, for debtors.

Andrew W. Suhar, Youngstown, OH, Chapter 7 Trustee.

Donald M. Robiner, Cleveland, OH, United States Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the objection of Andrew W. Suhar, Chapter 7 Bankruptcy Trustee, objecting to the claim of homestead exemptions of the Debtors pursuant to Ohio Revised Code § 2329.66(A)(1). The objection is based on two grounds: (1) that the real estate is titled only in the name of Renee A. Gregory and therefore the exemption claimed by her spouse is not available to him and (2) that to the extent the real estate where the Debtors reside is in excess of one acre immediately surrounding their residential dwelling, such excess real estate is not subject to the Debtors' homestead exemption. At hearing, the Trustee orally moved to withdraw the objection to the claim of Randall S. Gregory, which motion was sustained. Remaining for consideration is the objection to the Debtors' claim of a homestead exemption in so much of their residential real estate as exceeds one acre immediately surrounding their residential dwelling. For the reasons set forth hereinafter, the objection is overruled.

The Debtors filed their petition for relief under Chapter 7 of Title 11, United States Code, on September 2, 1998. Schedule A states the Debtors' residential real property had a market value of Forty Thousand Dollars ($40,000.00) at the date of filing subject to a first mortgage stated in Schedule D in the amount of Thirty–Six Thousand Dollars ($36,000.00). Taking these figures at face value, it appears there is equity in the Debtors' residential real estate in excess of valid pre-petition consensual liens to which the homestead exemption of Ohio Revised Code § 2329.66(A)(1) would apply. Exhibit A to the Trustee's objection is a printout of the computer record of the Ashtabula County Auditor showing the tax duplicate for the Debtors' real estate as containing 19.448 acres of land with a tax valuation by the Ashtabula County Auditor at Fifty–Three Thousand Two Hundred Dollars ($53,200.00) as of October 16, 1998. Because the Ashtabula County Auditor's tax valuation is not in itself conclusive evidence of the market value of the Debtors' real estate on the date of filing, the question of valuation is reserved for further determination.

The Trustee correctly points out that the homestead exemption provided for in Ohio law is for "one parcel" of real property used as a residence. Ohio Revised Code § 2329.66(A)(1). The term "parcel" is not defined in the exemption statute or in the General Provisions of the Revised Code. The Trustee cites us to Ohio Revised Code § 323.15.1(A) where the term "homestead" is defined as "so much of the land surrounding it, not exceeding one acre, as is reasonably necessary for the use of the dwelling or unit as a home." However, that definition is not one of general application in the Revised Code. Rather it is confined by the introductory sentence to that section which reads "[a]s used in sections 323.151 [323.15.1] to 323.157 [323.15.7] of the Revised Code...." The term parcel has been generally defined as a contiguous quantity of land in possession of, owned by, or recorded as property of the same person. *Black's Law Dictionary* 1112 (6th ed.1990). We are thus left to an historic review of homestead exemptions in Ohio.

Ohio's early attachment statutes did not provide for exemptions. *See e.g.*, 29 Ohio Laws 130–35, 203–09; Statutes of the State of Ohio, ch. 9, at 79–87, ch. 10, at 87–94 (1841). The first statute providing for an exemption set it in the amount of Five Hundred Dollars ($500.00) of residential real estate. It authorized appraisers appointed by county officials to set off by metes and

bounds a homestead immediately surrounding a residence in the statutory amount with the remainder liable for sale to satisfy the debt. Act of March 23, 1850, 48 Ohio Laws 29, §§ 1, 2; 2 Revised Statutes of the State of Ohio tit. 21, ch. 87, § 647, at 1145 (Swan & Critchfield 1860). In a later amendment, the value of the exemption was increased to One Thousand Dollars ($1,000.00). Act of April 9, 1869, 66 Ohio Laws 48, 49, § 1. The 1850 Act, as amended, was carried over into the Revised Statutes as § 5438 and in the 1905 Revised Statutes became § 8967. 1 Laning Revised Statutes & Recodified Laws of the State of Ohio tit. 1, 5th Div., ch. 1, § 8967 (1905). In the 1910 General Code revision, the section was renumbered as § 11734. Upon the revision of the Ohio Laws into the Ohio Revised Code, General Code § 11734 was renumbered as Ohio Revised Code § 2329.77. The provision for carving out a one acre exempt area remained until 1979. Then the Ohio General Assembly, in response to passage of the Bankruptcy Reform Act of 1978, passed a statute which opted Ohio out of the federal bankruptcy exemptions and substituted those provided for by Ohio law. In the same enactment (Amended Substitute House Bill No. 674, 138 Ohio Laws 3324, 3324–41), Ohio passed the current form of exemption laws found in Ohio Revised Code § 2329.662 and specifically repealed the division of property scheme of § 2329.77. A number of earlier decisions of Ohio courts referred to the former scheme of subdividing properties of a debtor but the repeal of § 2329.77 in 1979 effectively overruled those former court decisions.

Thus, Ohio law no longer provides for a restriction of the homestead exemption to a one acre parcel to be divided out of the Debtors' total residential real property. Rather, the Five Thousand Dollar ($5,000.00) exemption each for a debtor and a debtor's spouse is applicable to the entire homestead interest. The Trustee's objection to the claim of the homestead exemption of the Debtors is overruled.

**IT IS SO ORDERED.**