**In re Marilyn Joanne CORDY, Debtor.**

**No. 99–31648.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 15, 2000.

---

**414**

Edward L. Snyder, Holland, OH, for Debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after a Hearing on the Trustee's Objection to the Debtor's claim of exemptions. The specific items of property against which the Trustee interposes his Objection are: (1) the Debtor's claim of an exemption in the cash surrender value of two (2) whole-life insurance policies; and (2) the Debtor's claim of an exemption in two (2) Series EE United States Savings Bonds. The statutory basis for the Debtor's claim of exemption is O.R.C. § 2329.66(A)(4)(a) which provides, in relevant part, that:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person.

In opposition to the Debtor's claim of exemption under this statutory section, the Trustee asserts that neither the Debtor's life insurance policy nor the Debtor's savings bonds constitute "money on deposit" within the meaning of O.R.C. § 2329.66(A)(4)(a). The Debtor, however, argues that the "US Government and insurance company(ies) are obviously persons as contemplated by the [Ohio] Revised Code." (Debtor's Response to Trustee's Objection to Claims of Exemptions).

### LEGAL ANALYSIS

An exemption is a statutory mechanism which allows a debtor to keep property that would otherwise be subject to sale to satisfy the legal obligations of the debtor. In bankruptcy, the purpose of allowing exemptions is to further the fresh-start policy of the Bankruptcy Code. *In re Moore*, 251 B.R. 380, (Bankr. W.D.Mo.2000). To this end, it is the objecting party's burden to prove that the exemptions claimed by a debtor are not proper. FED. R. BANKR. P. 4003(c); *In*

*re Lusiak,* 247 B.R. 699, 703 (Bankr. N.D.Ohio 2000). In this case, this means that the Trustee must, in conformance with his above-stated legal argument, establish that the cash surrender value of the Debtor's life insurance policy and the Debtor's savings bonds do not constitute "money on deposit" within the meaning of O.R.C. § 2329.66(A)(4)(a). The Court begins its analysis with the former.

▇▇▇ In *In re Thatcher,* the bankruptcy court for the Southern District of Ohio, Eastern Division, had the occasion to address the meaning of the word "money on deposit" as it relates to the exemptability of the cash surrender value of a life insurance policy under O.R.C. § 2329.66(A)(4)(a), and stated:

> The Court believes that 'money on deposit' is more in the nature of money deposited to provide certain protection for the holder of the deposit (e.g., the landlord or utility), or money placed in a 'deposit account.' Under O.R.C. § 1309.01(A)(5): 'Deposit account' means a demand, time, savings, passbook or like account maintained with a bank, savings and loan association, credit union, or like organization, other than an account evidenced by a certificate of deposit. The Court finds that cash surrender value of a life insurance policy simply does not fit within this definition. Here, the insured has made no 'deposit' of money except by the payment of insurance premiums. This does not meet the Court's understanding of 'deposit.' The most analogous statutory definition of deposit is found in the Ohio Taxation Code. O.R.C. § 5701.05 sets forth a lengthy definition of 'deposit', but specifically excepts from the definition '[U]nearned premiums and surrender values under policies of insurance ...' With respect to a definition of 'deposit' for unclaimed funds, 'Deposit means to place money in the custody of a financial organization for the purpose of establishing an income-bearing account by purchase or otherwise. O.R.C.

§ 169.01(I). Again, cash surrender values do not fit within this definition. The Court does not believe the legislature intended cash surrender values of insurance policies to constitute 'money on deposit' for the exemption set forth in § 2329.66(A)(4)(a)

167 B.R. 466, 468 (Bankr.S.D.Ohio 1994) (internal spacing changed). In this case, the Court finds the above reasoning sound, and thus for the reasons stated therein, the Court holds that the Debtor is not entitled to claim an exemption in the cash surrender value of her insurance policies under O.R.C. § 2329.66(A)(4)(a).

▇▇▇ Turning now to the questions of whether the Debtor's savings bonds are entitled to an exemption under O.R.C. § 2329.66(A)(4)(a), the Debtor has argued that the United States government is obviously a "person" as contemplated by O.R.C. § 2329.66(A)(4)(a). The Court, however, after carefully considering the matter, finds that regardless of whether the United States government constitutes a "person" within the meaning of O.R.C. § 2329.66(A)(4)(a), savings bonds do not, as the Trustee argues, constitute "money on deposit" for purposes of this section, and therefore the Debtor's savings bonds may not be claimed as exempt assets thereunder. The following explains why.

▇▇▇ The phrase "money on deposit" is not defined by O.R.C. § 2329.66(A)(4)(a). In the absence of a statutory definition, Ohio law requires that this Court look to the usual and ordinary meaning of the words of the statute for guidance. O.R.C. § 1.42; *Brecksville v. Cook,* 75 Ohio St.3d 53, 661 N.E.2d 706 (1996). In accordance with this principle, Black's Law Dictionary defines money, in its ordinary sense, as, "coins and paper currency used as circulating medium of exchange, and does not embrace notes, bonds, evidences of debt or other personal real estate." BLACK'S LAW DICTIONARY 1005 (6th ed.1990). Similarly, under Ohio's version of the Uniform Commercial Code, "money" is defined as, "a medium of exchange autho-

**416**

rized or adopted by a domestic or foreign government and includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more nations." O.R.C. § 1301.01(X). Further, analogous definitions of money abound. *See, e.g.,* WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY, 764–65 (1984). Such commonly accepted definitions of money, however, do not fit within the generally accepted notion of what constitutes a savings bond. (For a complete discussion as to the attributes of United States Savings Bonds see *The Basics of Treasury Securities* at http://www.savingsbonds.gov/of/ofbasics.htm.). In particular, savings bonds have a couple attributes which are clearly not synonymous with money. First, savings bonds are only payable to whom the party the bond is registered, and thus savings bonds, unlike money, are not freely alienable. Second, savings bonds, which are classified by United States Treasury as debt instruments, are simply evidence of a debt. On the other hand, money, although it may be used to pay debts, is not in and of itself evidence of a debt. Therefore, given these differences, the Court cannot find that the Debtor's savings bonds constitute "money on deposit" for purposes of O.R.C. § 2329.66(A)(4)(a), and as a consequence, the Court must deny the Debtor's claim of exemption under this section.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Order.

Accordingly, it is

*ORDERED* that Trustee's Objection to the Debtor's claim of exemptions, under O.R.C. § 2329.66(A)(4)(a), in two (2) life insurance policies and two (2) Series EE Savings Bonds, be, and is hereby, SUSTAINED.