**In re Aaron/Roberta WYCUFF,**
**Debtors.**

No. 03–30680.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 23, 2005.

Randy Lee Reeves, Lima, OH, for debtors.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Objection of the Creditors, Wilbur and Mary Highley, to the claim of exemption made by the Debtors in their real property. Although not limited to him, the substance of the Creditors' objection is directed against the Debtor, Aaron Wycuff, whose claim of exemption in said property stems entirely from his dower interest therein. During the procedural progression of this matter, no attempt was made by the Parties to dispute the following information, as was set forth in the documents submitted to the Court:

The Codebtor, Roberta Wycuff (f.k.a. Roberta Gehle), is the sole owner of residential real estate, having a value of just under $49,000.00. (Doc. No. 88). Since December of 1999, the Creditors, Wilbur and Mary Highley, have held a first mortgage on this real property, which at present has an outstanding value of approximately $31,000.00. *Id.*

In the year 2001, the Debtors were married. The Debtors now use Mrs. Wycuff's real property as their marital residence. At no time during the Debtors' marriage has the Codebtor, Mrs. Wycuff, ever effectuated a transfer of her interest in her real property to the Debtor, Mr. Wycuff. (Doc. No. 90).

In the year 2003, the Debtors filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). Later, in 2005, the Debtors voluntarily converted their case to one under Chapter 7 of the Code. (Doc. No. 80). After conversion, the Debtors filed updated schedules, wherein the Debtor, Mr. Wycuff, claimed an exemption of $5,000.00 in Mrs. Wycuff's real property pursuant to O.R.C. § 2329.66(A)(1), Ohio's homestead exemption. A timely objection thereto was then lodged by the Creditors. (Doc. No. 90).

At the Hearing held in this matter, at which the Creditors were absent, the Court afforded both the Debtors and the Trustee the opportunity to set forth in more detail their respective positions on the issue of the Debtors' entitlement to an exemption in their marital residence. Only the Debtors responded, filing a "Notice of Determination of Dower" wherein based upon the "American Experience Tables," as contained in the Ohio Revised Code, the Debtor, Mr. Wycuff, placed the value of his dower interest at $7,080.55. And thus, as it pertains to his exemption, the Debtor argued that "as [his] dower interest exceeds the $5,000.00 claimed as a homestead exemption the full exemption as claimed should be allowed." (Doc. No. 96). However, for the reasons now explained, the Court finds that as against the Creditors, neither of the Debtors has a right in their homestead exemption which is superior to that of the Creditors' mortgage-interest in the property; but as to the Trustee, both of the Debtors are entitled to the full value of their homestead exemption.

### DISCUSSION

At issue in this matter is the extent to which the Debtors are entitled to claim an exemption in their real property, which at present serves as their marital residence. Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

■ In this matter, the Debtors cite to O.R.C. § 2329.66(A)(1)(b) as authority for their claim of exemption in their marital residence; in relevant part, this provision provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1)(b) ... the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

When making a determination as to the applicability of an exemption, courts are required to give a statute, such as this, a liberal construction in favor of the debtor so as to effectuate its remedial purpose: affording the debtor life's basic necessities. But a court cannot create an exemption where one does not exist. Exemptions are entirely creatures of statute, and thus exemptions cannot be stretched beyond the limitations prescribed by the statute. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005).

Under § 2329.66(A)(1)(b), an exemption is limited to the "the person's interest" in the property. Therefore, it is not the property itself which is exempt, but rather only the extent of the debtor's interest in the subject property which is exempt. In determining "the person's interest" in property, paragraph (C) of O.R.C. § 2329.66 provides that, when a bankruptcy is involved, the petition date controls when the interest in the property is determined. This paragraph then goes on to define "the person's interest" in property by reference to what it is not, stating, "[a]n interest ... shall not include the amount of any lien otherwise valid pursuant to

section 2329.661 of the Revised Code." The relevant portion of § 2329.661, as referred to in this provision, states:

Division (A)(1) of section 2329.66 of the Revised Code does not:

(3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage.

■ The effect of these provisions together is straightforward: when a debtor voluntarily pledges his property as security for a debt, he is estopped from thereafter claiming an exemption in this property to the detriment of the creditor to whom the pledge was made. *In re Spears*, 744 F.2d 1225, 1225 (6th Cir.1984). This outcome is simply an application of the longstanding principle that, unless otherwise provided, an exemption will only apply to a debtor's equity interest in the property. *Simonson v. First Bank of Greater Pittston*, 758 F.2d 103, 106 (3rd Cir.1985); 45 Ohio Jur.3d *Exemptions*, § 64. And while the above provisions do not apply to lien avoidance in bankruptcy, particularly under § 522(f) with the Supreme Court having ruled that federal law will prevail in such a situation,[1] the application of bankruptcy law leaves this doctrine fundamentally in place.

■ It is the rule that liens, as an *in rem* interest, pass through bankruptcy. *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor in personam-while leaving intact another-namely, an action against the debtor in rem"). Section 522(c) applies this principle to exemptions, stating, among other things that:

(c) Unless the case is dismissed, property exempted under this section is not

---

**1.** *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except–

> (2) a debt secured by a lien that is–
>> (A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title[.]

Section 541(d), governing property of the estate, then takes this a step further, providing, in part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property . . ., becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

In *Owen v. Owen* the Supreme Court addressed these sections together, explaining:

> Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted. Thus, if a debtor holds only bare legal title to his house-if, for example, the house is subject to a purchase-money mortgage for its full value-then only that legal interest passes to the estate; the equitable interest remains with the mortgage holder, § 541(d). And since the equitable interest does not

pass to the estate, neither can it pass to the debtor as an exempt interest in property. Legal title will pass, and can be the subject of an exemption; but the property will remain subject to the lien interest of the mortgage holder. This was the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), codified in § 522. Only where the Code empowers the court to avoid liens or transfers can an interest originally not within the estate be passed to the estate, and subsequently (through the claim of an exemption) to the debtor.

500 U.S. 305, 308–09, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991).

■■ Thus, based upon this weight of authority, it can be safely stated that it is the default position that liens, mortgages included, are to be held inviolate, whether in or outside of bankruptcy. And that unless there exists specific authority to the contrary, liens will be superior in right to a debtor's claim of exemption. In this matter, therefore, since no authority has been offered, nor can any be readily discerned, that would contradict these conclusions, the Debtors' claim of their homestead exemptions against the Creditors must be disallowed. The dower interest of the Debtor, Mr. Wycuff, in his wife's real property does nothing to change this.

■ At common law, "dower" is the legal right or interest that a wife acquires in the estate of her husband. 25 Am. Jur.2d Dower and Curtesy § 1. Its purpose is to provide a surviving spouse with a source of support when the other spouse dies. Although eliminated in most states, the right survives by operation of statute in Ohio. O.R.C. § 2103.02.

■ Upon the commencement of bankruptcy, a debtor's interest in dower becomes property of the bankruptcy estate. And as a part of the bankruptcy estate, a

debtor is entitled to make a claim of exemption in his interest. And then in this way, it is settled that, so long as a debtor meets the other requirements of § 2329.66(A)(1)(b), such as that regarding use, this provision may apply so as to exempt a debtor's dower interest. *Menninger v. Mortg. Electronic Registration Sys. (In re Bowling)*, 314 B.R. 127, 130–31 (Bankr.S.D.Ohio 2004). *Compare, Conrad v. Conrad (In re Conrad)*, 12 B.R. 32, 33 (Bankr.N.D.Ohio 1981) (but excluding it for equitable reasons when it would have involved the court having to directly address a martial dispute, not distribution to creditors).

 Under Ohio law, dower extends to both property held at the time of marriage and then to any property acquired by the spouse during the marriage. Dower, however, is not contractual in nature, instead arising purely as an incident from the marriage. Therefore, the right does not come into existence until the time of marriage; and in the absence of a valid marriage, there exists no right of dower. *Ogan v. Ogan*, 122 Ohio App.3d 580, 585 702 N.E.2d 472, 474 (Ohio Ct.App.1997); O.R.C. § 2103.02.

 Dower, however, like a mortgage is still an interest in property, being defined as "an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage." *Id.* And, interests in property are normally determined under the age-old principle: first in time, first in right. *United States v. McDermott, et al.*, 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). Dower is no exception, and follows this principle. *Central Trust Co. v. Gilardi*, 21 Ohio Ops.2d 183, 186 N.E.2d 771, 776 (C.P.Ham.Cty. 1962). Thus, to the extent that a mortgage interest (or for that matter, any other interest in property) arises prior in time to

the creation of the dower interest—that is, at the time of the parties' marriage—it will be superior in right. *Id.* As was explained in Ohio Jurisprudence:

> A right of dower is subject to all claims of law or equity existing before the marriage. The right of dower attaches subject to the equities existing against the title of the spouse at the time it attaches, because the right of dower arises upon the title of the spouse alone and cannot be more extensive than that title. Thus, if the legal title is in the spouse and the equitable title is in another at the time of the marriage, no right of dower attaches as against such equitable title.

45 Ohio Jur.3d *Family Law*, § 118.

Putting now the two portions of the above analysis together: First, since the Creditors hold a valid mortgage against the Debtors' marital property, their interest in the property is superior to that of any exemption interest of the Debtors. Second, with the facts also showing that the Creditors' mortgage interest arose prior or in time to the Debtors' marriage, Mr. Wycuff's dower interest in the property likewise takes subject to the Creditors' mortgage. The same, however, is not true of the Trustee.

 A trustee's rights in bankruptcy do not arise until the filing of the petition. Thus, with Mr. Wycuff's dower interest in existence at that time, he is entitled to assert a claim for his homestead exemption therein. As for the amount of this exemption, the Debtor, Mr. Wycuff, asserts the full value allowed under O.R.C. § 2329.66(A)(1)(b) of $5,000.00, utilizing the "American Experience Tables" which place the value of his dower interest at $7,080.55. Although the Court is aware that at least one other formulation has been used in this type of situation—the

Bowditch Table [2]—this value finds support in law. In *In re Miller*, it was held

> It is this court's view that the American Experience Table, expressly made applicable to cases involving judicial sale by Ohio Rev.Code § 2103.041, is the better choice. This calls into question the validity of that much of the Black opinion which authorizes the use of the Bowditch Table. Black involved the judicial sale of realty which would be controlled by Ohio Rev.Code § 2103.041 today. This case does not involve a judicial sale, and thus the court may employ either table, as both have been recognized for use in Ohio. This court chooses the American Experience Table because a different result should not be obtained depending upon whether or not the realty is sold.

151 B.R. 800, 802–03 (Bankr.N.D.Ohio 1992).

Consequently, as it has viable legal foundation, the Court will permit, as against the Trustee, the Debtor to utilize the valuation of his dower exemption based upon the "American Experience Table." However, as the merits of utilizing the "American Experience Table" versus the "Bowditch Table" are not squarely before the Court, this holding is "case specific," and thus in no way should it be cited as authority that one table is applicable over the other.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that as to the Creditors, Wilbur and Mary Highley, their objection to the Debtors' claim of exemption is hereby SUSTAINED.

It is **FURTHER ORDERED** that as to the Trustee, the Debtors are entitled to the full value of their homestead exemption under O.R.C. § 2329.66(A)(1)(b).

---

**2.** *In re Hill,* 11 B.R. 217 (Bankr.S.D.Ohio 1981); *In re Castor,* 99 B.R. 807 (Bankr. S.D.Ohio 1989).