In re Daniel/Lynn WILLIAMS, Debtors.

No. 05–36000.

United States Bankruptcy Court, N.D. Ohio.

June 21, 2006.

854

Patricia A. Kovacs, Toledo, OH, trustee.

James E. Hitchcock, Defiance, OH, for debtors.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Trustee's Objection to the Debtors' claim of exemption in two parcels of real property. The Debtors filed a response in opposition thereto. On their respective positions, the Parties filed supporting memoranda. The Court has now had the opportunity to consider the arguments raised by the Parties, and finds, for the

reasons that will now follow, that the Trustee's objection should be Sustained.

## FACTS

The Debtors, Daniel and Lynn Williams, sought relief in this Court under Chapter 7 of the United States Bankruptcy Code. In their petition, the Debtors set forth their ownership interest in two parcels of real property: (1) their home, and (2) a 30–acre noncontiguous parcel of land. (Doc. No. 1). The Debtors, in their petition, claimed a blanket exemption against these two parcels of property in the amount of $10,000.00.

The Trustee has objected to the Debtors' claim of exemption in its entirety, taking the position that the Debtors are not entitled to an exemption in either parcel of property. (Doc. No. 10). On this matter, the Parties agree that the two parcels of property are encumbered by a valid blanket mortgage in the approximate amount of $100,000.00. The Parties, however, disagree over the respective value of the properties.

In their petition, the Debtors placed a combined value on their two parcels of property at $118,000.00; but later, after the Trustee filed its objection to exemption, the Debtors revised this figure downward, claiming that the properties together had a maximum value of $92,500.00. (Doc. No. 14, at pg. 2). In contrast, the Trustee asserts that the Debtors' home has a value of approximately $87,000.00, while their 30–acre parcel of land has a value of about $30,000.00. (Doc. No. 10).

## DISCUSSION

At issue in this matter is whether the Debtors are entitled to claim an exemption in two parcels of real property. Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

■ The function of an exemption is to shield certain assets, which would otherwise be subject to execution for the satisfaction of a debt, from the reach of creditors. *Accord In re Reed,* 700 F.2d 986, 991 (5th Cir.1983). By performing this function, exemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *In re Bunnell,* 322 B.R. 331, 333 (Bankr.N.D.Ohio 2005). In accord with these policy considerations, the Bankruptcy Code recognizes a debtor's right to claim certain property as exempt so as to further one of the Code's primary aims: providing the debtor with a fresh-start. 11 U.S.C. § 522(b); *In re Cordy,* 254 B.R. 413, 414 (Bankr.N.D.Ohio 2000).

■ Exemptions are entirely creatures of statute, being in derogation of the common law rule that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Wycuff,* 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). In this matter, the Debtors, as authority for their right to claim an exemption in their real property, cite to § 2329.66(A)(1)(b), which, in relevant part, sets forth that:

[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(B) the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

When a joint petition is filed under 11 U.S.C. § 302, debtors are entitled to combine their exemptions, thus allowing the Debtors in this matter to make a claim of exemption under this section in the aggregate amount of $10,000.00. On the applicability of § 2329.66(A)(1)(b), the Bankruptcy Rules provide that the Trustee as "the objecting party has the burden of proving that the [Debtors'] exemptions are not properly claimed." FED.R.BANK.P. 4003(c). Furthermore, it is settled legal precedent that exemptions are to be liberally construed in favor of a debtor so as to effectuate their remedial purpose of providing the debtor with a fresh-start. *In re Bunnell,* 322 B.R. at 335.

The Trustee's objection to the Debtors' claim of exemption under § 2329.66(A)(1)(b) extends to both their parcels of real property: (1) the home, and (2) the 30–acre noncontiguous parcel of land. (Doc. No. 1). As it regards the 30–acres of property, it is the position of the Trustee that since the land is "not adjacent to the homestead" it is not entitled to be exempted under § 2329.66(A)(1)(b). (Doc. No. 10). With respect to the Debtors' home, the Trustee states that the "debtors are not entitled to an exemption in the residence because there is no equity in the property after taking into account the mortgage balance." *Id.*

▪ Taking now the two arguments raised by the Trustee in order, the first is easily decided. Among other constraints, the homestead exemption, as claimed by the Debtors under O.R.C. § 2329.66(A)(1)(b), limits its breadth to just "one parcel" of property. Although not defined in the statute, the term parcel, in its normal legal usage, denotes just one "contiguous quantity of land in possession of, owned by, or recorded as property of

the same person." *In re Gregory,* 229 B.R. 168, 169 (Bankr.N.D.Ohio 1999), *citing* Black's Law Dictionary 1112 (6th ed.1990). Resultantly, only the Debtors' residence, not their 30–acre noncontiguous parcel of land, can be claimed as exempt under § 2329.66(A)(1)(b). The Trustee's second position, however,—regarding denying the Debtors' exemption because of a lack of equity in their residence—is a more complex issue.

For debtors who seek the protection of the Bankruptcy Code, it is the general rule that exempt property "is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, ..." 11 U.S.C. § 522(c) (2005). Simply put, exempt property cannot be used to satisfy a prepetition debt. This Rule, however, is tempered by a few exceptions; notably for purposes of this matter, when the property is secured by a lien that is not otherwise avoided under applicable Bankruptcy Code provisions. 11 U.S.C. § 522(c)(2) (2005). Ergo, as the Trustee argues, the Debtors' right to claim an exemption in their property is inferior to that of the mortgage encumbering their residence.

The Rule of § 522(c)(2), placing a valid mortgage interest ahead of a debtor's exemption, is simply a codification of the longstanding rule principle, originally enumerated by the Supreme Court in *Long v. Bullard,*[1] that valid liens obtained before bankruptcy can be enforced postpetition on exempt property, including otherwise exempt homestead property. And in this matter, had the breadth of the mortgage encumbering the Debtors' residence been confined to just their residence, no additional discussion would be merited. Despite some discrepancies in the Debtors' valuation of their properties, there is no dispute that their residence is worth less

---

1. 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004     (1886).

than the $100,000 mortgage which encumbers it, thereby eliminating any equity against which the Debtors' right of exemption under § 2329.66(A)(1)(b) could attach.

The rub here, however, arises because said mortgage encumbers not only the Debtors' residence, but also their 30–acre parcel of property and, according to the figures provided by the Trustee, the combined value of these properties exceeds the value of the mortgage, thereby creating equity against which the Debtors' exemption interest could attach. But for there to exist such equity, this assumption is required: the value of the mortgage encumbering the Debtors' two properties must be first allocated against the 30–acre parcel of property, for which there exists no right to an exemption under § 2329.66(A)(1)(b), with the remainder of the mortgage value then allocated against the residence. If this is not done, and the allocation is made in reverse order, the Debtors' residence becomes fully encumbered, thereby eliminating any equity in the property against which the Debtors' homestead exemption could attach. The following illustrates:

Using the figures provided by the Trustee—which valued the Debtors' home at $87,000.00 and their 30–acre parcel of land at $30,000.00—if the $100,000.00 mortgage is first allocated as an encumbrance against the Debtors' residence, there will exist a deficiency of $13,000.00 which, when set against Debtors' 30–acre parcel of property worth $30,000.00, would leave the Trustee $17,000.00 to administer for the benefit of their unsecured creditors. If, however, this allocation is made in reverse order, one arrives at a result more favorable to the Debtors. The $17,000.00 in equity, formerly available for the Trustee to administer, will exist in the Debtors' residence, thereby allowing them to claim the $10,000.00 exemption afforded to joint debtors in their residence under § 2329.66(A)(1)(b).

When, as these examples show, a debtor has at their disposal two or more sources which may be used to satisfy a debt, the doctrine known as "marshaling of assets" often applies. This doctrine is an equitable rule and holds that where a debtor has at their disposal multiple funds to satisfy an obligation, a party seeking to enforce its claim against the debtor must, if possible, resort to the fund that will not defeat that of other parties. *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 656 (6th Cir.2002). Although the doctrine of marshaling of assets is usually invoked by a junior secured creditor, the breadth of the doctrine has been held to apply with a debtor seeking to enforce their homestead exemption. The reasoning for this is sound: the doctrine of marshaling of assets is derived from the "ancient but very much alive doctrine that a creditor has no right to choose which of two funds will pay his claim." *Id.* (internal citation and quotations omitted).

Functionally then, when a creditor holds a secured interest in more than one of a debtor's assets,—with one being subject to an exemption while the other is not—the doctrine of marshaling of assets will allow the debtor, in a forced sale, to retain control over the order of sale of the properties when doing so would protect their exemption interest. *See Rule as to marshaling assets as affected by homestead law*, 44 A.L.R. 758 (1925). In the absence of a pending bankruptcy case, therefore, the instant Debtors could, in a foreclosure action brought by the mortgage holder, compel the creditor to first satisfy its obligation out of their nonexempt asset: the 30–acre parcel of property. The filing of a bankruptcy case, how-

ever, adds an additional player into the mix: the trustee.

When a debtor files a petition for bankruptcy relief, an estate is created for which the trustee is the representative, under a fiduciary duty to maximize its value for the benefit of creditors. 11 U.S.C. §§ 323(a), 541(a), 704. The Bankruptcy Code defines the estate as comprising "all legal or *equitable interests* of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (emphasis added). The scope of this definition is broad, and will draw into the bankruptcy estate property of all types, tangible and intangible, as well as causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983). A debtor's interest in property is also not excluded from the estate simply because the interest is future, non-possessory, contingent, speculative, non-accrued or derivative. *See, e.g., In re Carlton*, 309 B.R. 67, 71 (Bankr.S.D.Fla.2004). (a debtor's stock options, although not presently exercisable as of the petition date, become property of the estate).

In this way, it has been held, in a case closely on point, that the power to invoke the equitable doctrine of marshaling of assets becomes part of the estate. *See In re Vermont Toy Works, Inc.*, 135 B.R. 762, 768 (D.Vt.1991). And from an interpretive standpoint, this makes sense. The doctrine of marshaling of assets is invoked when needed to achieve an equitable distribution of property which aligns itself with the trustee's duties to equitably distribute a debtor's assets in accordance with the Bankruptcy Code's priority scheme.

In a similar way, other rights in property exercisable by a debtor, similar to that of marshaling assets, have been held to pass to the trustee as estate property. Examples of such rights include: A debt-

or's "estoppel rights," can be property of the estate in precisely the same way that contractual rights can be property of the estate. *In re Albion Disposal, Inc.*, 217 B.R. 394, 408 (W.D.N.Y.1997); an equitable interest that Chapter 7 debtors had, on petition date, in property which they had agreed to purchase under installment sales contract was included in property of the estate upon their bankruptcy filing. *In re Kane v. Inhabitants of the Town of Harpswell (In re Kane)*, 248 B.R. 216, 222 (1st Cir. BAP 2000); federally created rights can be property of the estate. *In re Magnesium Corp. of America*, 278 B.R. 698, 705 (Bankr.S.D.N.Y.2002); a debtor's stock options, although not presently exercisable as of the petition date, become property of the estate *In re Carlton*, 309 B.R. at 72.

The weight of the law thus leads this Court to the conclusion that any right a debtor has to require a marshaling of assets inures, at the time a bankruptcy petition is filed, to the benefit of the trustee as an asset of the estate under § 541(a). Taken then to its logical conclusion, with the doctrine of marshaling of assets being grounded in equity, and hence capable of being waived, it stands to reason that it is for the Trustee to decide how and if the doctrine should be applied.

Notwithstanding, the Debtors, while not directly addressing these points, argue that the Trustee's basis for bringing its objection is grounded on a faulty assumption: that, after accounting for the mortgage, there exists equity in the two parcels of property. Instead, the Debtors put forth that based upon their valuation figures, "there is insufficient value to cover the loan." As result, "there will be no money left over for the trustee." Thus, according to the Debtors, "[t]his proceeding is a waste of time." (Doc. No. 14, at pg. 2).

To the extent that there exists no equity in their two parcels of real property, the Debtors are correct: a trustee should generally not incur expenses on behalf of the estate which will not yield a benefit for the unsecured creditors. However, at this juncture, this proceeding is *not* a waste of time. Regardless of the value the Debtors attach to their properties, it is the Trustee's duty to conduct an independent examination of the matter. 11 U.S.C. § 704. Bluntly put, the Debtors surrendered their ability to make an independent valuation determination of their property when they voluntarily sought the protections of this Court.

■ Regardless, the Debtors' assertion as to the lack of equity in their properties does nothing to further their position. As already explained earlier in greater detail, a debtor is generally only entitled to claim an exemption against equity. Thus, by taking the position that there does not exist any equity in their two parcels of real property, the Debtors have indirectly acknowledged that they are not entitled to a claim of exemption in their properties.

Presumably, the Debtors' position as to a lack of equity is made out of a desire on their part to retain possession of the properties through the process of reaffirmation. However, while this is often possible with fully encumbered property, the retention of nonexempt property is neither the purpose nor function of a Chapter 7 bankruptcy. As previously explained by this Court:

the fresh-start provided for by the Bankruptcy Code is not always without a price; of particular applicability, when a debtor voluntarily submits to the jurisdiction of this Court, the debtor relinquishes their rights in their nonexempt property to the extent that a trustee may utilize that property for the benefit of the debtor's unsecured creditors. In this regard, a few observations can be made. First, had the Debtors desired to keep their nonexempt property, bankruptcy relief should have been sought under Chapter 13 rather than Chapter 7, as the latter Chapter is appropriately entitled "Liquidation." Second, while most debtors expect to be able to reaffirm on a debt against fully encumbered property, the Bankruptcy Code makes no such guarantee. Finally, in a Chapter 7 bankruptcy, the heart of the fresh-start policy of the Bankruptcy Code is the bankruptcy discharge—which the Debtors have already received—and not the retention of one's encumbered property.

*Jacobs v. Honda Federal Credit Union (In re Jacobs)*, 321 B.R. 451, 454 (Bankr. N.D.Ohio 2004).

In summation, it is the finding of this Court that, as to the Debtors' 30–acre parcel of property, the homestead exemption of § 2329.66(A)(1)(b) does not apply. Additionally, the Debtors' right to utilize this section to exempt their residence takes subject to the Trustee's interest in the property. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Debtors' claim of exemption in their two parcels of real property, be, and is hereby, SUSTAINED.