**In re Lucy Lou WHITNEY and Gary Robert Whitney, Debtors.**

No. 11–41857.

United States Bankruptcy Court, N.D. Ohio.

Oct. 25, 2011.

Glenn E. Forbes, Painesville, OH, for Debtors.

## MEMORANDUM OPINION CONCERNING OBJECTION TO HOMESTEAD EXEMPTION

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Objection to Exemption (Doc. # 17) filed by Andrew W. Suhar, Chapter 7 Trustee, on August 26, 2011. The Trustee objects to the homestead exemption claimed by Debtors Lucy Lou Whitney and Gary Robert Whitney ("Debtors"). The Trustee asserts that the exemption, which the Debtors claimed on certain real estate located at 5431 Hall Road, Andover, Ohio, impermissibly covers two parcels of land, only one of which (Parcel ID No. 458880004832) constitutes the Debtors' homestead. The Trustee alleges that the other parcel (Parcel ID No. 450040000513) is vacant land. In addition, the Trustee argues that the homestead exemption does not apply to mineral and gas rights associated with the homestead parcel.

On September 14, 2011, the Debtors filed Response to Objection to Exemption ("Response") (Doc. # 20), which states that "the vacant lot about which the Trustee complains is in fact *a lot adjacent to the property on which their residence sits.*" (Resp. at 1 (emphasis added).) The Debtors suggest that the homestead exemption "applies to a contiguous quantity of land in the possession of, owned by, or recorded as property of the Debtor [sic]."[1] As a consequence, the "Debtor [sic] suggests that the 'vacant lot' is covered by the homestead exemption." (*Id.*)

The Court held a hearing on the Objection to Exemption on September 29, 2011 ("Hearing"), which the Court adjourned to October 20, 2011 ("Adjourned Hearing"). At both the Hearing and the Adjourned Hearing, the Trustee appeared on behalf of himself and Linda Cooper, Esquire, appeared as counsel for the Debtors.

Prior to the Adjourned Hearing, on October 6, 2011, the Debtors filed Supple-

---

1. Without explicitly citing to Black's Law Dictionary, the Debtors appear to be relying on the definition of "parcel" in the 6th edition of the dictionary.

mental Memorandum in Support of Debtor's [sic] Response to Trustee's Claim [sic] of Exemption ("Supplemental Response") (Doc. # 27). In connection with the Supplemental Response, the Debtors filed Exhibit to Response to Objection to Exemption ("Exhibit") (Doc. # 29).

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. FACTS

The Debtors filed a voluntary petition pursuant to chapter 7 of Title 11 on June 20, 2011. The Debtors scheduled jointly owned real property on Schedule A as "5431 Hall Road, Andover, OH 44003, Trailer" with a current value of $50,000.00 and $0.00 as the amount of the secured claim. On Schedule C, the Debtors claimed an exemption in the amount of $43,250.00 for real property based on "Ohio Rev.Code Ann. § 2329.66(A)(1)."

Ohio's homestead exemption provides, as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1)(a) * * *

(b) In the case of all other judgments and orders, the person's interest, not to exceed [twenty-one thousand six hundred twenty-five dollars], in *one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.*

O.R.C. § 2329.66 (Page's 2011) (emphasis added).

Based on the arguments of the Trustee and Ms. Cooper at the Hearing and the Adjourned Hearing, there is no dispute that the Debtors have claimed the homestead exemption on two parcels of real property. Attached to the Supplemental Response was Survivorship Deed (Supp. Resp. at 5–7), which states that the land in question contains 28.6535 acres and has a property address of "Lots 13/14, Richmond Township, Ohio." The Survivorship Deed lists the parcel number as "45–004–00–005–13," *i.e.,* the same parcel number the Trustee ascribes to the vacant land. The second parcel number identified in the Objection to Exemption is not referenced in the Survivorship Deed.

At the Hearing, the Trustee contended that the Debtors may claim the homestead exemption only for the one parcel that they use as a residence. Counsel for the Debtors argued that the Debtors use both parcels as their residence.

In addition, the Trustee made clear that he objected to the application of the homestead exemption to mineral and gas rights to preserve such objection since, at the present time, it is unclear whether and to what extent such rights exist and/or have value. The Court noted that the objection regarding the application of the homestead exemption to mineral and gas rights would be preserved, but that it was not currently ripe for determination.

Based upon the submissions and arguments of the Trustee and Ms. Cooper at the Hearing, the Court indicated an inclination to sustain the Trustee's Objection to Exemption. Ms. Cooper then requested an evidentiary hearing. Having been informed that the Debtors' counsel did not know how the two parcels were used, the Court inquired why an evidentiary hearing

was necessary since it did not appear that there were any facts in dispute. Since the Debtors acknowledged that "their residence sits" on only one parcel (Resp. at 1), the Court (i) requested the Debtors to file a supplemental response within one week to set forth all relevant facts regarding the two parcels; and (ii) set the Adjourned Hearing. The Court stated that it would then determine if there was a need for an evidentiary hearing.

On October 6, 2011, the Debtors filed the Supplemental Response. The three-page memorandum argues that there is no clear statutory definition of "parcel" and that contiguous "lots" may form one lot or parcel. (Supp. Resp. at 1–2.) The Supplemental Response, however, is devoid of any facts regarding how the Debtors use the real property and why the two lots or parcels fall within the purview of the homestead exemption. In addition, the Exhibit simply constitutes a portion of the Ashtabula County plat map.

At the Adjourned Hearing, Ms. Cooper represented that the "trailer" is personal property, which could be relocated. However, Ms. Cooper could not tell the Court how the two parcels are used or identify the parcel upon which the trailer is located. The Debtors have not provided any basis for the Court to conduct an evidentiary hearing. The Court took the Objection to Exemption under advisement following the Adjourned Hearing.

## II. ANALYSIS

■ Most of the cases cited by the Debtors deal with real property in contexts other than application of the homestead exemption. The Debtors cite *Graham v. Day*, 12 Ohio App.2d 9, 230 N.E.2d 453 (1967), in which an Ohio appellate court held that the board of county commissioners had impermissibly grouped together contiguous parcels owned by more than one owner, thereby giving the parcel to be appraised a substantial increase in value for purposes of sewer assessment. The court stated:

The only annotation that will be found remotely bearing on this question is in 64 C.J.S. Municipal Corporations s 2049, p. 772. It reads as follows:

"Aggregate valuation of several properties. Although generally a taxpayer is entitled to have each separate tract or parcel of land separately valued and assessed, *where two or more tracts or parcels are occupied and used together by the property owner for a single purpose their separate identities become merged into one* and they may be valued and assessed in solido, and it has been held that, where there is no statutory definition of the lot or parcel of land that is the lawful unit for purposes of taxation, contiguous parcels of land, although divided on a plan, may be assessed separately or as a unit. *Under some circumstances the rule may even apply to contiguous lots used for a single purpose even though such lots are owned by different persons.* Certainly where the statute or charter authorizes it the value of several lots may be lumped and assessment made for the aggregate amount, even though they are not adjoining lots or in any way connected with each other, provided only the lots are properly designated."

*Id.* at 455–56 (emphasis added). The passage quoted by the court dealt with aggregating contiguous parcels for state tax purposes, not with application of the homestead exemption.

The Debtors cite only one case that deals with the homestead exemption, *i.e.*, *In re Gregory*, 229 B.R. 168 (Bankr. N.D.Ohio 1999). In the *Gregory* case, the bankruptcy court overruled the chapter 7 trustee's objection to application of the

homestead exemption, which the trustee contended was limited to a one-acre parcel. The court found, "Ohio law no longer provides for a restriction of the homestead exemption to a one acre parcel to be divided out of the Debtors' total residential real property. Rather, the ... exemption ... is applicable to the entire homestead interest." *Id.* at 170.

In the situation where the homestead exemption is claimed for parcels that are not contiguous, case law establishes that the homestead exemption cannot be applied to both parcels. In *In re Williams,* 345 B.R. 853 (Bankr.N.D.Ohio 2006), Judge Speer first noted that exemptions are entirely creatures of statute because they are in derogation of the common law rule that all of a debtor's property is subject to execution to pay his legal creditors. The bankruptcy court further noted that the Ohio homestead exemption is limited to "just 'one parcel' of property." *Id.* at 856. Judge Speer then quoted *In re Gregory* for the proposition that "parcel, in its normal legal usage, denotes just one 'contiguous quantity of land in possession of, owned by, or recorded as property of the same person.' Resultantly, only the Debtors' residence, not their 30–acre noncontiguous parcel of land, can be claimed as exempt under § 2329.66(A)(1)(b)." *Id.* (internal citations omitted).

In the case before the Court, there is no evidence that the Debtors occupy and use the two parcels for a single purpose. Despite the Court specifically requesting such information, the Debtors have failed or refused to detail how they use the two parcels. The Survivorship Deed and Exhibit establish that the two parcels are contiguous and owned by the Debtors, but the Debtors' Response states that their residence sits on only one parcel. The Debtors have provided no other facts concerning the use of the two parcels.

In objecting to the homestead exemption, the Trustee bears the burden of proof that the exemption does not apply. *See In re Gregory,* 229 B.R. at 169. The Debtors admit that their residence sits on only one parcel, but make the argument that the adjacent parcel is also encompassed within the exemption. The cases cited by the Debtors—even those cases that concern other areas of property law, such as zoning or taxation—all indicate that in order for contiguous parcels to be considered one parcel, they must be used for a single purpose. Because the Debtors failed to provide any facts that the two parcels are used for the single purpose as their homestead, the Trustee has carried his burden.

As a consequence, the Court will sustain the Trustee's Objection to Exemption. An appropriate order will follow.

### ORDER SUSTAINING OBJECTION TO HOMESTEAD EXEMPTION

This cause is before the Court on Objection to Exemption (Doc. # 17) filed by Andrew W. Suhar, Chapter 7 Trustee, on August 26, 2011. The Trustee objects to the homestead exemption claimed by Debtors Lucy Lou Whitney and Gary Robert Whitney ("Debtors"). On September 14, 2011, the Debtors filed Response to Objection to Exemption (Doc. # 20).

The Court held a hearing on the Objection to Exemption on September 29, 2011 ("Hearing"), which the Court adjourned to October 20, 2011 ("Adjourned Hearing"). At both the Hearing and the Adjourned Hearing, the Trustee appeared on behalf of himself and Linda Cooper, Esquire, appeared as counsel for the Debtors.

Prior to the Adjourned Hearing, on October 6, 2011, the Debtors filed Supplemental Memorandum in Support of Debt-

or's [ sic] Response to Trustee's Claim [sic] of Exemption ("Supplemental Response") (Doc. # 27). In connection with the Supplemental Response, the Debtors filed Exhibit to Response to Objection to Exemption (Doc. # 29).

For the reasons set forth in this Court's Memorandum Opinion Concerning Objection to Homestead Objection entered on this date, the Court hereby:

(1) Finds that the homestead exemption applies to contiguous parcels only if the parcels are used for a single purpose as the homestead;

(2) Finds that the Debtors failed to provide any facts that the two parcels at issue are used for the single purpose as their homestead;

(3) Finds that the Trustee has carried his burden of proof that the homestead exemption, contained in O.R.C. § 2329.66(A)(1), applies only to the parcel on which the Debtors' residence sits;

(4) Finds that the issue of whether the Debtors' homestead exemption applies to mineral and gas rights is not ripe for determination at this time;

(5) Finds that the Trustee has preserved his objection to application of the homestead exemption to mineral and gas rights; and

(6) Sustains the Trustee's Objection to Exemption.

**IT IS SO ORDERED.**