[Cite as *Gen. Elec. Credit Union v. Medow*, 2016-Ohio-3266.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GENERAL ELECTRIC CREDIT UNION, f.k.a. GENERAL ELECTRIC EVENDALE EMPLOYEES FEDERAL CREDIT UNION, | : | APPEAL NO. C-150618 TRIAL NO. A-1308506 |
| | : | |
| | | *O P I N I O N.* |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | |
| SHARON K. MEDOW, | : | |
| | : | |
| Defendant-Appellant, | : | |
| | : | |
| and | : | |
| | : | |
| ESTATE OF MIRIAM L. MEDOW, et al., | : | |
| | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 3, 2016

*Statman, Harris & Eyrich, LLC*, and *William B. Fecher*, for Plaintiff-Appellee,

*Montgomery, Rennie & Jonson, LPA, Elaine M. Stoll, Anthony P. McNamara* and *Ralph E. Burnham*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1}    The sole issue in this foreclosure action is whether a mortgage issued to plaintiff-appellee General Electric Credit Union ("G.E.") on the subject property has priority over a dower interest in the property held by defendant-appellant Sharon Medow.  Because the trial court correctly determined that G.E.'s mortgage had priority, we affirm its judgment.

### Facts and Procedure

{¶2}    The property being foreclosed upon in this action is located at 8869 Fontainebleau Terrace in Cincinnati, Ohio.  In 2007, Miriam and Martin Medow, then-owners of the property, obtained an equity line of credit from G.E., and granted G.E. a mortgage interest in the property as part of the transaction.  The mortgage was recorded on January 29, 2007.  Sometime after issuing the mortgage, Martin Medow passed away.  Miriam Medow passed away in May of 2013, and her son, William Medow, inherited title to the property.  A balance remained on G.E.'s loan at the time of William Medow's inheritance.  William had married Sharon in 1973.  When William inherited title to the property in 2013, Sharon received a dower interest in the property.

{¶3}    After inheriting the property, William Medow defaulted on the payments due to G.E., and G.E. filed an action for foreclosure.  Both William and Sharon were named as defendants in the action.  Sharon filed a counterclaim against G.E., asserting that her dower interest had priority over G.E.'s mortgage and that she was entitled to receive the present value of her dower interest, approximately $2,000, from the sale of the property.  Sharon and G.E. filed competing motions for

summary judgment on the issue of priority. The trial court determined that the mortgage issued to G.E. had priority over Sharon's dower interest, and it accordingly denied Sharon's motion for summary judgment and granted the motion filed by G.E. Sharon appealed that judgment to this court. But because the foreclosure action was still pending, we determined that Sharon's appeal had not been perfected and that we were without jurisdiction to consider it. *See General Electric Credit Union v. Meadows*, 1st Dist. Hamilton No. C-150230, 2015-Ohio-5480.

{¶4} While the appeal before this court was pending, G.E. filed both a motion for summary judgment and a motion for a default judgment seeking judgment on its complaint and a decree ordering foreclosure on the property. A magistrate with the court of common pleas granted both motions, finding that G.E.'s loan was in default and that G.E. was entitled to foreclose on the property. The magistrate reiterated that G.E.'s mortgage had priority over Sharon's dower interest. Sharon filed objections to the magistrate's decision. The trial court overruled Sharon's objections and adopted the decision.

{¶5} Sharon now appeals. In her sole assignment of error, she argues that the trial court erred in denying her motion for summary judgment and determining that her dower interest did not have priority over G.E.'s mortgage.

### Standard of Review

{¶6} We review a trial court's grant of summary judgment de novo. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exist no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party,

permits only one reasonable conclusion that is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### *The Mortgage has Priority*

{¶7}   This court has described dower as "an interest in real estate that is intended to protect a non-title holding spouse." *Std. Fed. Bank v. Staff*, 168 Ohio App.3d 14, 2006-Ohio-3601, 857 N.E.2d 1245, ¶ 16 (1st Dist.).  The right of dower is set forth in R.C. 2103.02, which provides that "[a] spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage." R.C. 2103.02.  In other words, when only one spouse takes title to a property during marriage, the right of dower grants the non-title holding spouse a one-third life-estate interest in the property, unless the interest has been relinquished or barred.

{¶8}   The parties do not dispute that Sharon had a dower interest in the subject property.  Nor do they dispute that she was entitled to receive the present value of her interest following a foreclosure sale on the property.  *See* R.C. 2103.041.  But each party contends that its respective interest has priority over that held by the other party.  G.E. argues that its mortgage has priority because it was granted years before Sharon received her dower interest, and, consequently, that Sharon inherited her dower interest subject to the mortgage.  But Sharon argues that her dower interest has priority over G.E.'s mortgage because she was not a signatory on the mortgage and has taken no action to subordinate her interest.

{¶9}   There is little case law on how to establish the priority of a dower interest.  R.C. 2103.041 provides that a dower interest may be foreclosed upon, and

that the spouse holding the interest shall be awarded "a sum of money equal to the present value of the dower interest, to be paid out of the proceeds of the *sale according to the priority of the interest.*" (Emphasis added.) *See* R.C. 2103.041. But neither this statute, nor any other statutes pertaining to dower in R.C. Chapter 2103 or 5305, discusses how the priority of a dower interest is established.

{¶10} The law is well-settled that, when a married person conveys a mortgage or interest in property that is held in the name of that spouse only, the mortgage will not be effective against the non-title holding spouse's dower interest unless that spouse has also signed the mortgage or document conveying the interest. *See Std. Fed. Bank*, 168 Ohio App.3d 14, 2006-Ohio-3601, 857 N.E.2d 1245, at ¶ 21. Sharon cites several cases that rely on this proposition of law to support her argument that her dower interest has priority over G.E.'s mortgage because she took no action to subordinate her interest. *See id.*; *Deutsche Bank Trust Co. Americas v. Smith*, 8th Dist. Cuyahoga No. 89738, 2008-Ohio-2778. But this law has no relevance to the case before us, as the mortgage on the subject property was not granted by William Medow during his marriage to Sharon; rather, it was granted by a third party before William Medow inherited the property.

{¶11} A similar factual situation was addressed by a federal bankruptcy court in *In Re Wycuff*, 332 B.R. 297 (Bankr.N.D.Ohio 2005). In *Wycuff*, a wife owned property that was subject to a mortgage before she married her husband. Upon their marriage, the husband acquired a dower interest in the wife's property. The spouses later filed for bankruptcy, and the *Wycuff* court had to determine the priority of interests between the mortgage lien on the property, the dower interest, and the bankruptcy estate. As relevant to this appeal, the court determined that the

mortgage lien had priority over the non-title holding spouse's dower interest. *Id.* at 302. In reaching its determination, the court reasoned that dower, like a mortgage, is an interest in property subject to the "first in time, first in right" rule. *Id.* The court held that "to the extent that a mortgage interest (or for that matter, any other interest in property) arises prior in time to the creation of the dower interest - that is, at the time of the parties' marriage - it will be superior in right." *Id.*

{¶12} We find the reasoning employed by the *Wycuff* court persuasive. The subject property was already encumbered by the mortgage when William Medow received it by inheritance. Consequently, he took the property subject to the mortgage. Sharon likewise received her dower interest subject to the mortgage. Sharon's argument that her dower interest had priority because she had taken no action to subordinate it to the mortgage is somewhat disingenuous. Sharon never had the ability to voluntarily subordinate her dower interest to the mortgage because the mortgage was granted prior to the creation of the dower interest.

{¶13} If this court were to conclude that Sharon's dower interest had priority over a valid mortgage granted approximately six years before her dower interest was created, it would have a devastating effect on lending institutions. In order to ensure priority before granting a mortgage on a piece of property, a bank would need to determine who could potentially inherit that property in the future, as well as who that inheritor could potentially marry, and have those persons subordinate any possible future dower interest. Such a determination is impractical, if not impossible, and banks would have no way to protect themselves against future dower interests.

{¶14} The trial court did not err in denying Sharon's motion for summary judgment and in determining that G.E.'s mortgage had priority over Sharon's dower interest. Sharon's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

FISCHER, P.J., and STAUTBERG, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.