CANAN *v.* HEFFEY.

(Decided November 4, 1927.)

*Messrs. Wooley & Rowland,* for plaintiff in error.
*Mr. H. E. Sparnon,* for defendant in error.

MAUCK, J.  William A. Canan brought his action in the common pleas to foreclose a mechanic's lien held by him against the real estate of Edward Heffey, making parties thereto Edward Heffey and certain mortgagees of said property, but not making Bertha Heffey, wife of Edward, a party.  In the absence from the record of Mrs. Heffey the court fixed the priority of the several lienholders, and ordered the property sold for the satisfaction of the liens.  Thereafter Mrs. Heffey on her own motion was made a party defendant.  By her cross-petition, and an amendment thereto, Mrs. Heffey pleaded

that she was the wife of Edward Heffey by virtue of their marriage August 16, 1924; that of the mortgage liens some were made prior to her marriage, and that she signed those made subsequent to the marriage; that her age was 42 and that of her husband 48, and she asked that her interests be protected, and prayed for general relief. To this the plaintiff answered that he had already in the pending proceeding recovered a judgment against Heffey in the sum of $2,776.80, and that said judgment had been determined by the court to be the fifth best lien on the property in question; that said judgment was founded on a claim for labor and material furnished in improving the property, and that the value of the property had been enhanced by said improvement; that had it not been for said improvement the property would not have sold for more than $17,000; that Bertha Heffey knew of said improvement and sanctioned the same. Plaintiff prayed that his judgment be ordered paid prior to any claim that Bertha might have for dower. To this a demurrer was filed and sustained, and, the plaintiff not desiring to further plead, the court ascertained the value of Mrs. Heffey's dower, calculated on the entire proceeds of the sale, and ordered the same paid to the prejudice of the plaintiff's claim. It is now sought to reverse that judgment.

It is claimed by the plaintiff in error that the cross-petitioner has no immediate right to realize upon her inchoate right of dower, under the principle laid down in *Long* v. *Long*, 99 Ohio St., 330, 124 N. E., 161, 5 A. L. R., 1343. That view is unsound. *Long* v. *Long* only determines that in appropriation proceedings the wife is not a necessary

party and the value of her inchoate dower may not be determined. In the instant case she was not a necessary party, so far as the mechanic's lien was concerned, and, if the order of sale had been predicated alone on that lien, sale would have been made subject to the wife's inchoate dower. When, however, the mortgagees intervened, and their liens were found superior to the dower estate, the sale pursuant thereto was required to be made free of the dower estate, and, the cross-petitioner having been by the sale divested of her dower, it was the duty of the court to ascertain the value thereof and pay the same out of the proceeds of sale. *Mandel v. McClavè,* 46 Ohio St., 407, 22 N. E., 290, 5 L. R. A., 519, 15 Am. St. Rep., 627. The defendant's plea of estoppel was likewise unavailing. It was asserted under the theory that the wife had stood by while the plaintiff was placing an improvement on the property by which the selling value of that property was enhanced. No claim is made that the work was done or supplies furnished on the strength of the wife's credit. It is only claimed that she "sanctioned" the improvement. The exact nature of this sanction is not apparent. It is not claimed that she did anything or said anything. She had no power to prevent her husband contracting for the improvement and owed no duty to the contractor to protest against the construction. An estoppel cannot be predicated on her silence where she had no duty to speak.

The basis upon which Mrs. Heffey was entitled to have the value of her dower calculated remains to be determined from the facts admitted by the pleadings. These show that the Heffeys were mar-

ried August 16, 1924. At that time Edward Heffey owned the property in question, subject to a first mortgage executed May 1, 1924, to the Logan Home & Savings Association, and a second mortgage executed May 2, 1924, to Cecelia Warner. After the marriage a third mortgage was executed to the savings association, and in this mortgage Mrs. Heffey joined. The property sold for $19,500. At the time of the distribution the amount due on the first mortgage was $9,103.19, that due on the second mortgage was $3,449.50, and that on the third $3,138.02. Under these facts the trial court determined that the value of the inchoate right of dower of Mrs. Heffey was to be calculated on the entire value of the property, to wit, $19,500, and we are required to determine whether the decree was in all respects correct.

There are certain principles now settled as the established law of dower in Ohio which sharply differ in many particulars from those laid down in the adjudications of other states.

■ In this state if the wife joins the husband in executing a mortgage on the latter's land, to secure his debt, and the land on foreclosure brings a surplus over the mortgage debt, the wife is entitled out of that surplus to the present value of her inchoate dower calculated on the full value of the mortgaged property. *Mandel* v. *McClave*, 46 Ohio St., 407, 22 N. E., 290, 5 L. R. A., 519, 15 Am. St. Rep., 627. The theory underlying this holding is that the wife's dower is merely pledged as security for the husband's debt, and when that debt may be satisfied from the husband's interest in his property the interest of the wife shall remain undiminished,

and, such interest having been sold under foreclosure, the cash value will be awarded her so long as the mortgagee is not prejudiced thereby.

■ It has further been held, however, that in case the mortgage is a purchase-money mortgage the wife is dowable only in the surplus arising after the purchase money has been paid; that is to say, the surplus shall form the basis for ascertaining the present value of her dower rights. *Culver* v. *Harper,* 27 Ohio St., 464, *Fox* v. *Pratt,* 27 Ohio St., 512, *Nichols* v. *French, Adm'r.,* 83 Ohio St., 162, 93 N. E., 897. This is on the theory that as against a purchase-money mortgage the purchaser is never seized of any greater interest than that actually paid for, and that, as the wife's dower cannot be extended beyond the husband's seisin, she can have no dower in so much of the land as is required to satisfy the purchase-money mortgage.

■ Where the marriage of the parties has been effected after the husband has mortgaged his property, and after the conditions of the mortgage have been broken, the wife is dowable only in the surplus arising after foreclosure sale. *Kern, Adm'r.,* v. *Kern,* 15 C. C. (N. S.), 279, 24 C. D., 22, affirmed in 87 Ohio St., 481, 102 N. E., 1126. This principle proceeds from the theory that after the conditions of a mortgage have been broken the legal title to the mortgaged property vests in the mortgagee and nothing remains in the mortgagor except an equity of redemption, and that the subsequent marriage confers dower on the wife only in what the husband owned at the time he married, to-wit, the residue or so-called equity after the mortgage is satisfied.

Under the doctrine of the *Mandel case, supra,* it

is apparent that Mrs. Heffey in the instant case is entitled to have her dower calculated upon the basis of the whole value of the property so far as the third mortgage is concerned, for that is the mortgage in which her dower was pledged as security for the husband's debt. The first and second mortgages stand, however, on a different footing and differ from any of the adjudications above referred to. Those two mortgages were given prior to the marriage of the Heffeys, and, from all that appears in the record, at a time when the conditions of the mortgages were unbroken.

In *In re Hays,* 181 F., 674, the federal Circuit Court of Appeals for this district, summing up the various authorities in this state in a manner that elicited the approval of the Supreme Court in the *Nichols case, supra,* stated the law thus:

"The controlling principle of all of the decisions we have considered, except that of *State Bank* v. *Hinton,* would appear to be that the dowable interest of the wife or widow must be measured by the beneficial interest of the husband in the real property of which he was seized in his own right at the date of the mortgage, and, of course, during the marriage. If the husband's legal (or inheritable) estate in the property was held subject to a purchase-money mortgage, the dowable interest is likewise limited. If the husband possessed an unincumbered fee-simple title, the dowable interest extends to the whole estate; and a mortgage of such property by the husband with release of dower by the wife to secure a debt of his own entitles her to the rights of a surety, and to her original dowable interest in

the whole property or its proceeds when the debt of the husband is paid."

But in this summary no consideration seems to have been given to the precise question before us, and we are remitted to a consideration of the statute itself. The wife's dower in this case is defined by that part of Section 8606, General Code, which relates to dower in the lands of which the husband was seized during coverture, and not by that part of the section which limits dower to the estate of which he was seized at the time of his death. The applicable provision is that she "shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage."

Under this section the value of her dower is to be ascertained as of the date of the marriage and is coextensive with the husband's seisin. At that time the first and second mortgages were outstanding. They constituted a lien upon the property in question, which might or might not be required to pay the mortgage debt. The legal title to the property was wholly vested in Mr. Heffey.

In *Kerr* v. *Lydecker, Admr.,* 51 Ohio St., 240, 248, 37 N. E., 267, 269 (23 L. R. A., 842), the Supreme Court has reviewed the authorities in this state bearing upon the relations between mortgagor and mortgagee, and says:

"The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor, as against all the world, except the mortgagee, and also as against him until condition broken, but after con-

dition broken the legal title as between mortgagor and mortgagee is vested in the mortgagee.''

When the marriage of these parties was celebrated the husband had the legal title to the property in question and had both the right of possession and possession itself, and where the complete legal title and possession are united seisin is complete.

Mr. Freeman, in a monograph appended to *Eames* v. *Armstrong*, 125 Am. St. Rep., 453, says that ''if after a mortgage, but while the fee is in the mortgagor, he sells and conveys the mortgaged premises to a stranger and covenants with him that he is seised, the existence of the mortgage is no breach of the covenant.''

While it is apparent from the record that the conditions of the first or second mortgage had not been broken prior to the marriage, there is some suspicion that the second mortgage was in fact a purchase-money mortgage. Its date, its terms, and its rate of interest, taken in connection with the corresponding date, term and interest rate of the first mortgage, suggest that possibility. The question was not raised in the trial court, however, and under the rule that every presumption of soundness must be indulged in favor of the judgment under review we are unable to find that it was a purchase-money lien.

*Judgment affirmed.*

MIDDLETON, J., concurs.

SAYRE, P. J., not participating.