## SERIGHT et v ZINN, Tee

Ohio Appeals, 5th Dist, Muskingum Co

Decided Nov 24, 1932

Howard Buker, Zanesville, for plaintiffs in error.

Alfred Zinn, Zanesville, for defendant in error.

**SHERICK, J.**

Upon this state of facts it is now claimed by the plaintiffs in error that the plaintiff trustee, Zinn, who is the successor of the trustee, Ribble, is estopped to deny the authority of Elliott as the trustee's agent, and that the trustee has ratified the payment of the principal of the note in quesiton to Elliott. It is admitted by the plaintiffs in error that there is no evidence in this case showing any agency as between Ribble, trustee, and Elliott, by virtue of an express contract, either in writing or verbally. This, to our notion, is a fatal admission to the claim of the plaintiffs in error.

The question presented is not a new question in this state, for it is an accepted principle of agency that an authority to receive interest on an obligation owing to a principal does not imply any such authority reposing in one to receive payments on the principal of the debt, unless the obligation is in the possession of the claimed agent, or unless an express authority is proven, and the burden of so doing rests on the party making payment to show that one receiving payment was so authorized.

Now in this case much is made of the fact that the note's notation provides that the principal and interest shall be paid at the office of G. A. Elliott; but this, to our notion, is not the controlling feature of the existing obligation. The contract of the maker of a promissory note, as in this case, is to pay to the payee or his order. The maker of a note must recognize that his obligation may be in the hands of an innocent purchaser at due date. It was not the duty of the trustee to notify the plaintiffs in error, the Serights, that he was the owner and holder of this note. The plaintiffs in error claim that Ribble as trustee should have spoken and notified them that he was the owner thereof.

It is held in **Canan v Heffey, 27 Oh Ap, 430, 161 NE, 235, (6 Abs 401)**, that estoppel cannot be predicated on silence where one has no duty to speak.

It is our opinion that the case of **Hoffmaster v Black, 78 Oh St, 1, 84 NE, 423, 21 L.R.A. (N.S.), 52, 125 Am St. Rep. 679, 14 Ann. Cas., 877**, is decisive of the question presented. This case we have examined with exceeding care, and we find but one point of divergence or difference between the facts of that case and those of the case at bar. In the Hoffmaster case it appears that the note and mortgage were in the possession of the purchaser, and not in the possession of the agent. In the case before us we find the note in the possession of the trustee and the mortgage in the possession of Elliott. This fact, however, does not warrant a conclusion that that case is not an authority for the instant one. We recognize that the note is the obligation, and that the mortgage is but the security for the note. We therefore must conclude,

as was determined in the Hoffmaster case, that when the agent of the Serights, that is, the bank, made payment of the principal of the obligation to Elliott, it did so at its peril, and that Elliott was but the messenger boy. Had the payment of the principal reached the trustee, it would have been payment, but, not having reached the trustee, it was not payment.

We have indicated that there are no facts present in this case substantiating the plaintiffs in error's claim of estoppel; neither are there any facts showing that the principal, that is Ribble, trustee, ratified the act of the Serights in paying the principal to Elliott.

We note that the Supreme Court in the case of **Marriott v Hawk, 111 Oh St, 285, 288, 145 NE, 287,** further approves the Hoffmeister case. It is therefore the judgment of this court that this cause be affirmed.

GARVER, PJ, and LEMERT, J, concur.