## KOESTER v McKINNEY et

Ohio Appeals, 2nd Dist, Miami Co

No 307. Decided May 31, 1934

A. W. DeWeese, Piqua, for plaintiff in error.

H. N. & H. W. Lilley, Piqua, for defendant Flach Brothers.

## OPINION

By HORNBECK, PJ.

As against the mortgage claim of Koester, Mrs. McKinney cannot assert any rights. As against the merchanics' lien claims she is entitled to her inchoate right of dower if there is a surplus from which it can be allowed. **Canan v Haffey, 27 Oh Ap, 430 (6 Abs 401); Glassmeyer v Michelson, 23 N.P. (N.S.) 537.** If she is entitled to dower it should be awarded, though she had filed no answer.

As the mortgage of Koester, plaintiff, was in excess of the sale price of the real estate, there is no fund from which dower may be awarded Mrs. McKinney. Especially is this true in view of the fact that Koester's rights arise from a subrogation agreement by virtue of which he stands in the place of mechanics' liens claimants whom he has paid.

It is the claim of plaintiff Koester that he should be reimbursed before any general distribution in respect of mechanic's lien claims for the amount paid to the J. B. Wilkinson Company for an insurance premium; that as to the sums paid to other mechanic's lien claims and the $900.00 mortgage claim paid to the J. A. Shade Lumber Company he should share equally and ratably in the proceeds with Flach Brothers; that Flach Brothers by signing Exhibit "D" and by conduct had agreed that when Koester advanced the money to pay mechanics lien holders and the Shade Lumber Company, he was to be subrogated to all the rights of these claimants. Flach Brothers, through its counsel contend that Flach Brothers waived no rights to assert the priority of their mechanic's lien by signing Exhibit "D"; that Koester was a mere volunteer and that he is not entitled to be subrogated to the rights of the mechanics' lien claimants.

The trial court took the view that Koester should be subrogated to the rights of the mechanic's lien claimants, whose claims he paid to the extent that they were paid but that Flach Brothers was entitled to share ratably with those lien claimants paid by Koester who were in the same class as its claim; that the mortgage to Shade Lumber Company was not a construction mortgage under §§8321 and 8321-1 GC.

We have read the opinion of the trial judge and are in accord with his conclusion, except as to an inconsequential item, though we reach it by different processes of reasoning. The mortgage of the Shade Lumber Company cannot in any view of its subject matter be brought within the classification of a construction mortgage, as defined by §8321-1 GC. It was taken after construction begun and the mortgagee must thereby be relegated to a position inferior to the mechanic's lien claimants.

Granting to Koester all rights which he secured by the payment of this mortgage, he could not be permitted to take priority over Flach Brothers, unless these claimants consented for a consideration that he be given such position of priority. The record would not support such consent.

Nor can we find that by the provisions of Exhibit "D" Flach Brothers were bound to yield their rights as mechanic lien claimants to Koester.

Exhibit "D" was merely an agreement to withhold action on the mechanic's liens for a time not to exceed a year, within which McKinney would pay their claims in full. McKinney having failed to do that which he expressly agreed to do and which was the consideration, if any, extended for Exhibit "D", Flach Brothers was at liberty to proceed on its mechanic's lien claim. The fact that it took a note for the amount due would not constitute a waiver of its lien. ' **Burnsdorf v Hardway, 7 O.C.C., 378.**

Nor do we find in the agreed statement of facts any statements or conduct on the part of Flach Brothers which would require the intervention of the doctrine of estoppel against it. **Canan v Heffey, 27 Oh Ap, 430 (6 Abs 401).**

The right of Koester to be subrogated to the status of mechanics lien claimants other than Flach Brothers finds support on the state of the pleadings.

His petition affords no basis whatever for subrogation to the rights of the mechanics' lien claimants because it is not averred, nor does it appear, that the payment of the mechanics' liens was for the protection of any interest or lien of Koester then existent upon the real estate, nor, second, that there was any understanding or agreement between the lien claimants and Koester that he should be subrogated to their

rights or any written assignment of the liens to him. **Amick v Woodworth et, 58 Oh St, 86;** Jeffryes & Fudge, d.b.a., etc., v Andes et, No 390, Greene County opinions this court, decided March 7, 1934.

Flach Brothers' answer was, with the exception that it admitted that it held a mechanic's lien upon the real estate described in the petition, a general denial of every allegation therein contained.

By way of cross petition it set up two causes of action, first, its account against McKinney and Woods in the sum of $220.06. Second, its two mechanics' liens. Thereupon, and in answer to the cross petition, plaintiff, Koester, set up two defenses, the first of which was based upon the subject matter found in Exhibits "D" and "E" of the agreed statement of facts heretofore quoted. This defense, as we have before indicated, is no more effective to establish subrogation to the rights of mechanics' lien claimants in Koester than is the averment of the petition.

In the second defense, insofar as material, the following averments appear, namely, that prior to the agreement set forth in Exhibits "D" and "E", there was a meeting of the creditors of McKinney, including the defendants Flach Brothers; that

"It was agreed that if said Leon F. Koester would advance sufficient money to pay off the labor mechanics' lien holders, and would cancel the former mortgage of Nine Hundred ($900.00) Dollars, he would have the first and best lien on said property, and whatever money he paid to take care of these mechanics' liens, which were all prior to the defendants, Flach Brothers, this plaintiff has subrogation thereof, and ask he be subrogated with all the rights of said lien holders and mortgage of The Shade Lumber Company, and if said mechanic's lien of said Flach Brothers is held valid, that this plaintiff be subrogated to all the rights of the prior lien holders including said mortgage on said real estate, and for such relief as he may be entitled to in the premises."

To this answer Flach Brothers filed no reply, so that every averment of the second defense well pleaded must be admitted to be true. Therefore, upon these pleadings, the trial court was and this court is authorized and empowered to subrogate Koester to all the rights of mechanic's lien claimants whose claims had priority over Flach Brothers mechanic's lien claim.

The second defense of the answer does not plead that Flach Brothers agreed that

the Shade Lumber Company mortgage would be given priority over Flach Brothers' claim, although it is prayed that plaintiff be given such priority. In the agreed statement of facts the plaintiff is not entitled to priority as to the payment of the Shade Lumber Company mortgage, even though he be subrogated to the rights of the company under the mortgage. Because of this state of the pleadings it becomes unnecessary to discuss at considerable length the proposition considered in the briefs of counsel pro and contra the claim that Koester was a mere volunteer in the payment of the mechanics' liens and the Shade Lumber Company mortgage.

Respecting the contention that plaintiff, Koester, should be reimbursed for the amount paid on the insurance premiums, in view of the state of the record, we can not say that he is entitled to such preference. Insofar as we can determine, this was but a general claim. If this insurance had been placed under court order, or, if it had appeared that it was necessary to protect the buildings on the real estate involved during the period when the property was in litigation, it might be reached as a preferred claim. However, the record is not comprehensive enough to permit of such determination.

Without further extended discussion of the agreed statement of facts and the pleadings, we are satisfied that the trial court was correct in the distribution as ordered in the final order in the Common Pleas Court, with the exception of the allowance to plaintiff of the amount of the costs in the receivership suit. This suit was dismissed at the cost of Woods and it is not plead nor established that Koester was to be given preference with reference thereto. This may be an inadvertence but it is in accord with the record. Distribution may be made as herein provided.

BARNES, J, concurs.