[Cite as *Jackson v. Moissis*, 2017-Ohio-1000.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JOHN C. L. JACKSON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0080** |
| JENNIFER A. MOISSIS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 16 M 000136.

Judgment: Affirmed.

*Peter L. Mehler* and *Jessica M. Wilson,* Reimer Arnovitz Chernek & Jeffrey Co., LPA, 30455 Solon Road, Solon, OH 44139 (For Plaintiff-Appellee).

*Stephen J. Futterer,* Willoughby Professional Building, 38052 Euclid Avenue, Suite 105, Willoughby, OH 44094 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1}    Appellant, Jennifer A. Moissis, appeals from the judgment of the Geauga County Court of Common Pleas, granting a motion to quiet title, filed by appellee, John C. L. Jackson, on certain real property, formerly owned by her husband, Peter Moissis ("Moissis").  Appellee purchased the property at a sheriff's sale subsequent to foreclosing on the same after Moissis defaulted on the purchase-money mortgage he entered into with appellee.  Appellee filed the underlying action to quiet title to eliminate

any potential "cloud" that might burden his title due to appellant's dower rights. At issue, therefore, is whether appellee was required to join appellant in a collateral foreclosure proceeding to determine her dower interest in the subject real property where the ultimate sale of the property generated no surplus after the payoff of the purchase-money mortgage. For the reasons that follow, we affirm the trial court.

{¶2} On December 1, 2000, Moissis executed a promissory note on behalf of appellee and simultaneously gave a first mortgage deed to appellee on the subject property in the amount of $225,000. The mortgage was duly recorded. Appellant married Moissis on June 15, 2002. Moissis later defaulted on the mortgage and appellee initiated foreclosure proceedings. After receiving judgment in his favor, appellee moved the court to vacate its judgment to file an amended complaint adding appellant as a party to the foreclosure action. Appellee asserted appellant was a necessary party to the action due to her dower rights. The trial court denied the motion and appellee proceeded to purchase the property back at sheriff's for $110,000, an amount approximately one-half owed on the mortgage.

{¶3} Appellee took the property and duly recorded the deed. Due to his concern that appellant possessed dower rights that might cloud the property's title, appellee filed the underlying complaint to quiet title. Pursuant to his complaint, appellee asserted appellant's dower interest in the property was acquired after he entered the mortgage with Moissis and thus her rights were subordinate to appellee's mortgage lien. Accordingly, he maintained appellant's dower interest would only attach if the property sold beyond what was owed on the mortgage. Because the property sold well below

2

the amount owed, he maintained appellant had no dower interest in the property; hence, he was entitled to an order quieting title in his favor.

{¶4} Appellant filed a motion to dismiss, arguing appellee was required to join her in the foreclosure proceeding, pursuant to R.C. 2301.041, which provides:

{¶5} In any action involving the judicial sale of real property for the purpose of satisfying the claims of creditors of an owner of an interest in the property, the spouse of the owner may be made a party to the action, and the dower interest of the spouse, whether inchoate or otherwise, may be subjected to the sale without the consent of the spouse. The court shall determine the present value and priority of the dower interest in accordance with section 2131.01 of the Revised Code and shall award the spouse a sum of money equal to the present value of the dower interest, to be paid out of the proceeds of the sale according to the priority of the interest. To the extent that the owner and the owner's spouse are both liable for the indebtedness, the dower interest of the spouse is subordinate to the claims of their common creditors.

{¶6} According to appellant, the foregoing statute required the court in the foreclosure proceedings to determine the then-present value and priority of her dower interest. Because this did not occur (as appellant was not joined as a party), and appellee acknowledged she possessed a dower interest, appellant maintained appellee was improperly attempting to circumvent the statutory process by filing a quiet title action.

{¶7} The trial court determined that the underlying mortgage had priority over appellant's dower interest because it was entered prior to her marriage to Moissis. And, because no surplus resulted from the sale, she was not entitled to payment pursuant to her right to dower. The trial court therefore denied appellant's motion to dismiss and granted judgment in appellee's favor on his complaint to quiet title. This appeal follows.

{¶8} Appellant assigns the following two errors for our review:

3

{¶9} "[1.] The trial court erred in rendering judgment for plaintiff-appellee upon its claim of quiet title and ordering defendant-appellant's dower interest removed as a cloud upon plaintiff-appellee's title for the trial court was without jurisdiction and power to valuate the dower or extinguish the dower in the context of the quiet title action.

{¶10} "[2.] The trial court erred in rendering judgment for plaintiff-appellee upon its claim of quiet title and ordering defendant-appellant's dower interest removed as a cloud upon plaintiff-appellee's title, upon defendant-appellant's motion for judgment on the pleadings rather than entering judgment that the property title is subject to defendant-appellant's inchoate dower rights."

{¶11} Under her two assignments of error, appellant argues that the trial court lacked jurisdiction to provide a valuation of her dower rights; appellant further argues the trial court erred in denying her motion to dismiss on the pleadings.

{¶12} Preliminarily, the court of common pleas has authority, both in law and equity to ascertain title to land.  *Sturgell v. Bott*, 12th Dist. Fayette No. CA90-09-014, 1991 WL 84026, *2 (May 20, 1991).  This jurisdiction may be invoked through an action to quiet title, pursuant to R.C. 5303.01.  *Id.*; *see also Parkinson v. Stratton*, 10th Dist. Franklin Nos. 91AP-1370 and 92AP-445, 1992 WL 246006, *2 (Sept. 24, 1992).  Accordingly, the trial court did not lack subject matter jurisdiction over appellee's complaint to quiet title.

{¶13} Moreover, appellant claims that the trial court was without authority to adjudicate her dower rights in the quiet title action because R.C. 2301.041 prescribes the process.  That statute provides, in relevant part:  "In any action involving the judicial sale of real property for the purpose of satisfying the claims of creditors of an owner of

4

an interest in the property, *the spouse of the owner may be made a party to the action, and the dower interest of the spouse, whether inchoate or otherwise, may be subjected to the sale without the consent of the spouse.*" (Emphasis added.) The language of the statute is permissive, not mandatory. Hence, for purposes of efficiency, inclusion of the owner's spouse as a party in a foreclosure proceeding may be preferable to establish his or her dower interest. The language of the statute, however, does not require such inclusion. In effect, as the trial court aptly observed, "[c]omplete relief can be had without naming the spouse in the foreclosure."

{¶14} Turning to the substantive issue on appeal, in Ohio "[t]he value of a dower interest is dependent upon the extent of the owner-spouse's interest in the property. In other words, 'the dowable interest of the wife * * * must be measured by the beneficial interest of the husband in the real property of which he was seised in his own right * * *.'" *Stand Energy Corp. v. Epler*, 163 Ohio App.3d 354, 2005-Ohio-4820, ¶12 (10th Dist.), quoting *In re Hays*, 181 F. 674, 679 (6th Cir.1910); *see also Canan v. Heffey*, 27 Ohio App. 430, 437 (4th Dist.1927) ("the value of her dower is * * * coextensive with the husband's seisin.")

{¶15} Moreover, "dower, like a mortgage, is an interest in property subject to the 'first in time, first in right' rule." *GE Credit Union v. Medow*, 1st Dist. Hamilton No. C-150610, 2016-Ohio-3266, ¶11, citing *In re Wycuff*, 332 B.R. 297, 302 (Bankr.N.D. Ohio, 2005). That is, "to the extent that a mortgage interest (or for that matter, any other interest in property) arises prior in time to the creation of the dower interest—that is, at the time of the parties' marriage—it will be superior in right." *Id.*

5

{¶16} Furthermore, in the case of a purchase-money mortgage, a spouse is dowable only in the surplus arising *after* the purchase money has been paid. In other words, the surplus forms the basis for ascertaining the present value of a spouse's dower rights. *Culver v. Harper*, 27 Ohio St. 464, 468 ("the husband has no beneficial interest in [property sold pursuant to a foreclosure sale] except in what was left after paying the debt, and the wife takes the husband, as she takes the estate, cum onere [with the burden].") The foregoing is premised "on the theory that as against a purchase-money mortgage the purchaser is never seized of any greater interest than that actually paid for, and that, as the wife's dower cannot be extended beyond the husband's seisin, she can have no dower in so much of the land as is required to satisfy the purchase-money mortgage." *Canan*, *supra*, at 434-435 And, because legal title to the mortgaged property vests with the mortgagee after a mortgagor defaults, the mortgagor's interest and, by implication, the spouse's dower interest vests only in the residue after the mortgage is satisfied. *Id.* at 435; *see also Kerr v. Lydecker*, 51 Ohio St. 240, 248 (1894).

{¶17} In light of the above principles, it follows, as a matter of law, that if spouses get married *after* the husband or wife has mortgaged real property, the mortgagee has superior right to the proceeds of a foreclosure sale and the non-mortgagor spouse is dowable only in the surplus arising after foreclosure sale.

{¶18} Applying these points to the instant case, the parties were married after Moissis entered the mortgage with appellee. Later, Moissis defaulted on the mortgage. Although appellant had dower interest in the property, her interest was subordinate to appellee's interest as the mortgagee. Furthermore, the property sold for significantly

6

less than the amount appellee was owed on the mortgage. Hence, there was no post-sale surplus. Under these facts, appellant was not dowable as a matter of law. Because appellee had no inchoate dower interest in the property, the trial court did not err in granting appellee's motion to quiet title.

{¶19} Appellant's two assignments of error lack merit.

{¶20} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.