[Cite as *Lynch v. FIG OH18, L.L.C.*, 2025-Ohio-1553.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

HOLLIS LYNCH,                              :

    Plaintiff-Appellant,              :
                                   No. 114309

    v.                                :

FIG AS CUSTODIAN FOR FIG OH18,            :
LLC, ET AL.,

    Defendants-Appellees.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED PART, REVERSED IN PART,
                    AND REMANDED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-990137

---

### *Appearances:*

Michael P. Harvey, Co., L.P.A., and Michael P. Harvey, *for appellant*.

Ulrich, Sassano, Deighton, Delaney, Higgins, Co., LPA, and Eric T. Deighton, *for appellee*.

LISA B. FORBES, P.J.:

**{¶ 1}** Plaintiff-appellant, Hollis Lynch ("Hollis"), appeals from a judgment of the Cuyahoga County Common Pleas Count, General Division, that sua sponte dismissed her complaint for quiet title and adverse possession, on the grounds that

the court lacked subject-matter jurisdiction to consider her claims. For the reasons that follow, we affirm the trial court's dismissal of the quiet-title claim because it centers on a will that has yet to be probated and, therefore, must proceed through probate court. However, we reverse the trial court's dismissal of the adverse-possession claim because this claim falls squarely within the jurisdiction of the general division of the common pleas court and relief can be awarded under that claim without resorting to the will. We remand to the trial court for further proceedings on the adverse-possession claim.

## I.    Facts and Procedural History

{¶ 2}    Hollis currently resides at 5185 West 220th Street, Fairview Park, Ohio ("the West 220th Street property"). She has lived there for over 40 years, since she was a teenager. The West 220th Street property is presently titled to John Lynch, Hollis's late father, who died more than 20 years ago while residing in Florida with his second wife.

{¶ 3}    In May 2022, defendant-appellee, FIG as Custodian for FIG OH18, L.L.C. & Secured Party ("FIG"), filed a complaint in foreclosure against John Lynch, his unknown spouse, and his unknown heirs, devisees, legatees, administrators, executors, and assigns. In its complaint, FIG alleged that it was the owner of tax certificates encumbering the West 220th Street property and demanded foreclosure of its tax certificates. Hollis, acting pro se, entered a belated appearance in the foreclosure case and contested the action. Ultimately, the trial court issued a judgment entry ordering foreclosure on the property. That decision was upheld on

appeal by this court. *See Fig As Custodian for Fig Ohio18, L.L.C. v. Lynch*, 2024-Ohio-3196 (8th Dist.), *appeal not accepted, F.I.G. v. Lynch*, 2024-Ohio-5529.

{¶ 4} On December 14, 2023, while the foreclosure appeal was pending, Hollis filed a complaint in the general division of common pleas court against FIG and several other defendants including the Ohio Department of Taxation and the Cuyahoga County Treasurer.[1] Count 1 of the complaint alleged a claim for quiet title over the West 220th Street property. Count 2 of the complaint alleged a claim for adverse possession.

{¶ 5} With regard to the quiet-title claim asserted in Count 1, Hollis alleges that John Lynch, deceased, left the West 220th Street property to his daughter, Hollis, and that Hollis has the right to quiet title in her name because there are no other apparent heirs. Count 2 of the complaint, which asserts adverse possession, is pled in the alternative. This count alleges that Hollis has lived "openly and notoriously" on the subject property for more than 21 years and that she therefore has an ownership interest in the property. In her prayer for relief, Hollis requested that the court find her to be the owner of record on the subject property and place title in her name.[2]

---

[1] Hollis voluntarily dismissed the Ohio Department of Taxation from the lawsuit prior to the present appeal and the Cuyahoga County Treasurer has not entered an appearance in the present appeal. Thus, FIG is the only defendant-appellee defending the trial court's judgment on appeal.

[2] Hollis's counsel made clear at oral argument that the reason Hollis has filed a complaint seeking to quiet title in her name is because, if granted, it will give her an ownership right in the property that she can use to secure a loan to pay off the tax lien certificates. Hollis's attorney also noted that if Hollis has an ownership right in the

{¶ 6} Before FIG even answered the complaint, motion practice ensued between the two parties. The motions filed in this case included: (1) a motion to dismiss, filed by FIG on January 9, 2024; (2) a motion for summary judgment, filed by Hollis on February 14, 2024; (3) a motion to strike, filed by FIG on April 23, 2024; (4) another motion to dismiss, filed by FIG on April 29, 2024; and (5) a motion to transfer title, filed by Hollis July 23, 2024.[3] With regard to her motion for summary judgment, Hollis argued she was entitled to quiet title in her name because her father had executed a will prior to his death that bequeathed her the West 220th Street property. In support of her motion, Hollis submitted a purported copy of her father's unprobated will, which shows the bequest. In her motion, Hollis also explained that she had not probated the will due to financial constraints.

{¶ 7} The trial court never ruled on any of the above motions; rather, on August 2, 2024, the trial court sua sponte dismissed the action for lack of subject-matter jurisdiction in an entry that, in relevant part, states:

> Plaintiff brought a quiet title action seeking title to the property where she resides, located at 5185 West 220th Street, Fairview Park, Cuyahoga County, Ohio 44126. According to Plaintiff, her father, John Lynch, owned the property but passed away over 20 years ago. Plaintiff further claims that her father left a will stating his intention for Plaintiff to inherit the property. Plaintiff has attached a purported will of her father as part of her dispositive motion briefing in this matter. . . . As applied to the instant matter, it is evident that the will of Plaintiff's father is determinative of Plaintiff's right to title to the property.

---

property then she will have the right to receive any excess proceeds from the sale of the home in foreclosure once the tax lien credits and fees associated with the foreclosure have been paid off by the sale proceeds.

[3] We note that nearly every motion was accompanied by an opposition brief and a reply brief.

Pursuant to R.C. 2101.24, "the probate court has exclusive jurisdiction: (a) To take the proof of wills and to admit to record authenticated copies of wills executed, proved, and allowed in the courts of any other state, territory, or country. . . (k) To construe wills . . . (l) To render declaratory judgments . . . (p) To hear and determine actions to contest the validity of wills." This court cannot exercise jurisdiction over Plaintiff's claims to title to the property pursuant to her father's will, as those claims fall exclusively within the jurisdiction of the probate court.

{¶ 8} Lynch now appeals to this court by raising the following single assignment of error: "The Trial Court erred by dismissing this matter for lack of jurisdiction stating Plaintiff's claims lie exclusively with the Probate Court."

## II. Law and Analysis

{¶ 9} The central question raised in the present appeal is whether the General Division of the Cuyahoga County Court of Common Pleas had subject-matter jurisdiction to adjudicate Hollis's quiet-title and adverse-possession claims or whether the probate court had exclusive jurisdiction over these claims, such that they were properly dismissed by the general division. "The question of subject-matter jurisdiction is a question of law, subject to a de novo review on appeal." *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 2008-Ohio-5491, ¶ 4 (8th Dist.). Under this standard of review, the court independently reviews the record and affords no deference to the trial court's decision. *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013-Ohio-1035, ¶ 8 (8th Dist.).

{¶ 10} "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Since subject-

matter jurisdiction concerns the power of a court to adjudicate the merits of a given case, it cannot be waived and may be challenged at any time by the parties. *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, citing *United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject-matter jurisdiction may also be the basis for sua sponte dismissal of an action by the court. *See Holt v. Cty. of Cuyahoga*, 2017-Ohio-748, ¶ 8 (8th Dist.); *see also* Civ.R. 12(H)(3)("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action.").

{¶ 11} Our review of the record in this case leads us to conclude that the court of common pleas, general division, did not have subject-matter jurisdiction over Hollis's claim for quiet title asserted in Count 1 of her complaint because the claim is based entirely on a will that has yet to be probated by the probate court.

{¶ 12} The Cuyahoga County Court of Common Pleas is divided into four divisions: the general division, otherwise referred to simply as "common pleas court"; the probate division or "probate court"; the juvenile division or "juvenile court"; and the domestic relations division or "domestic relations court." *See Price v. Price,* 16 Ohio App.3d 93, 95 (8th Dist. 1984). The subject-matter jurisdiction of each of these courts is defined by statute by the legislature. *See* Ohio Const., art. IV, § 4(B) ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law."); *see also State v. Hudson*, 2022-Ohio-1435, ¶ 13 (explaining that the phrase "as may be provided by law" in Ohio Const. art. IV, § 4(B) means that "the subject-matter

jurisdiction of Ohio courts of common pleas is defined statutorily by the legislature").

{¶ 13} R.C. 2305.01 grants the general division of common pleas court "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." The Ohio Supreme Court has explained that the common pleas court is a "'court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it."'" *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 7, quoting *Kuchta*, 2014-Ohio-4275, at ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). Given this broad grant of general jurisdiction, when a court of common pleas has been found to lack subject-matter jurisdiction, "it is almost always because a statute explicitly removed that jurisdiction." *Ruehlman* at ¶ 9; *see also Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 29 (The legislature may limit the jurisdiction of the common pleas court by conferring exclusive jurisdiction over a specific subject-matter in a different tribunal, office, or agency.).

{¶ 14} In contrast to the court of common pleas, general division, Ohio's probate courts are courts of limited jurisdiction. *Ruehlman* at ¶ 8. What this means is that "[t]hose matters that may be properly placed before the court are enumerated and limited in scope," by statute. *Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988). R.C. 2101.24 gives probate courts *exclusive* jurisdiction "to take the proof of wills and to admit to record authenticated copies of wills executed, proved, and allowed in the courts of any other state, territory, or country," R.C. 2101.24(A)(1)(a), "to

construe wills," *id.* at (A)(1)(k), to render a declaratory judgment as to the validity of a trust or will, *id.* at (A)(1)(l), and "to hear and determine actions to contest the validity of wills," *id.* at (A)(1)(p). By giving probate courts exclusive jurisdiction over the construction and determination of the validity of wills, the General Assembly has announced its desire to remove these matters from the jurisdiction of the common pleas court, general division.

{¶ 15} In this case, Hollis filed her quiet-title and adverse-possession claims in common pleas court, not probate court. Preliminarily, it is important to note that the court of common pleas, general division, does have jurisdiction to ascertain title to land and that this jurisdiction may be invoked through an action to quiet title under R.C. 5303.01. *See Jackson v. Moissis*, 2017-Ohio-1000, ¶ 12 (11th Dist.). Hollis's claim to quiet title however is completely dependent on a will that her deceased father allegedly executed, that she claims deeds her the West 220th Street property upon his death. Hollis conceded in her motion for summary judgment that the will has not been probated. Accordingly, no probate court has ever determined the validity of the will nor construed the will such as to give Hollis a right of ownership in the subject property. The common pleas court, general division, has no authority to establish a right to title in a property based on an unprobated will. As this court explained decades ago:

> From all the authorities it is clear and conclusive that title to property does not pass in Ohio under an unprobated will, and, in fact, no interest whatsoever passes, either legal or equitable, in any such instrument. In other words, under the statute, even the last will and testament of a decedent has no force or virtue in law until it is probated, and,

consequently, until then has no legal standing as a basis for a suit in any court, or as a basis for any claim to the property, or an interest therein, on the part of the devisee of such an instrument. It is a mere scrap of paper, inert and lifeless, until it is clothed with the garment of the law. It is a mere carcass until infused with the blood of probate.

*Petitt v. Morton*, 28 Ohio App. 227, 232 (8th Dist. 1928); *see also Corron v. Corron*, 1988 Ohio App. LEXIS 224, *5-6 (3d Dist. Jan. 26, 1988) (quoting same). In light of these facts and law, we affirm the general division's dismissal of Hollis's quiet-title claim.

{¶ 16} We nevertheless find that the general division erred in dismissing Hollis's adverse-possession claim. Hollis's claim that she has a right to title in the West 220th Street property under the common-law doctrine of adverse possession has nothing whatsoever to do with her father's will. Rather, the adverse-possession claim stems from assertions in her complaint that she adversely possessed the West 220th Street property for a period of 21 years. *See Grace v. Koch*, 81 Ohio St.3d 577, 579 (1998) ("To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."). Since there is no statutory authority that removes a claim of adverse possession from the general subject-matter jurisdiction of the common pleas court, general division, we find that the court did have subject-matter jurisdiction to adjudicate this claim.

## III. Conclusion

{¶ 17} For the foregoing reasons, we find that the court of common pleas, general division, did not have subject-matter jurisdiction to adjudicate Hollis's

quiet-title claim, but that it did have jurisdiction to adjudicate her adverse-possession claim. We remand to the trial court for further proceedings on the adverse-possession claim.

{¶ 18} Judgment affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
DEENA R. CALABRESE, J., CONCUR